UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL COHEN,<br><br>             Plaintiff,<br><br>vs.<br><br>MELVIN BAHLS, *et al.*,<br><br>             Defendants. | Case No. 3:05-CV-0438-ECR-RAM<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

        This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR I 1-4.

        Plaintiff Cohen, who is in custody at Ely State Prison, filed a complaint pursuant to 42 U.S.C. § 1983 alleging, primarily, that prison officials have violated his constitutional rights by not complying with administrative regulations in responding to his written grievances. Docket #6. In response to Cohen's complaint, defendants have filed a motion to involuntarily dismiss this action under Fed. R. Civ. P. 41(b). Docket #10   Rule 41(b) allows for involuntary dismissal where a plaintiff has failed to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). Defendants argue that Rule 41(b) dismissal is warranted because Cohen has failed to comply with the pleading rules set forth at Fed. R. Civ. P. 8(a) and 8(e)(1). Rule 8(a) requires that a plaintiff's complaint contain a "short and plain statement" of his claims; and, Rule 8(e)(2) requires that the averments in the complaint to be

1  "simple, concise, and direct." Fed. R. Civ. P. 8.

2  Having reviewed Cohen's complaint, the undersigned magistrate judge finds defendants' description of the pleading to be accurate. That is, the complaint is "argumentative, prolix, replete with redundancy, and fails to explain how each defendant is implicated by the allegations." Docket #10, p. 4. While cognizant of the relaxed pleading standards applicable to *pro se* litigants (see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*)), this court is not required to sift through plaintiff's rambling narrative, most of which borders between vague and incoherent, in an effort to determine whether the kernel of a cognizable cause of action might be found therein. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996). Likewise, the complaint does not provide defendants with a fair opportunity to frame a responsive pleading. *Id*.

11 Although Cohen's complaint clearly runs afoul of Rule 8(a) and 8(e)(1), dismissal under Rule 41(b) is considered a sanction and is to be imposed only in extreme circumstances. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (additional citations omitted). Such circumstances are not present here. Moreover, the Ninth Circuit Court of Appeals has made clear that the district court, when confronted with a defective complaint, "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Thus, Cohen should be provided with an opportunity to file an amended complaint, *id*. at 1130-1131, with the warning that his failure to comply with the pleading rules in Fed. R. Civ. P. 8 will result in the dismissal of his complaint with prejudice. *See McHenry*, *supra*

## **RECOMMENDATION**

22 For the reasons stated above, the undersigned Magistrate Judge recommends that the District Judge enter an Order denying defendants' motion to involuntarily dismiss this action under Fed. R. Civ. P. 41(b) (docket #10). The Order should allow plaintiff thirty (30) days to file an amended pleading, with the advice that it be a simple, concise, and direct complaint that states clearly and

succinctly how each and every defendant is alleged to have violated plaintiff's federally-protected rights. In addition, plaintiff should be warned that failing to file a complaint that complies with the court's Order and the Federal Rules of Civil Procedure will result in the dismissal of this action with prejudice. Lastly, Cohen's amended complaint should be submitted to the court for screening pursuant to 28 U.S.C. § 1915A, with the defendants being required to answer only after such screening has been completed.

\* \* \* \* \*

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule I 3-2 of the Local Rules of Practice, specific written objections to this report and recommendation within ten days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this report and recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the district court's judgment.

DATED: December 15, 2005.

_____
UNITED STATES MAGISTRATE JUDGE