# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUSSELL COHEN,  )  3:05-CV-00438-ECR (RAM)
        Plaintiff,  )
vs.  )  **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**
MELVIN BAHLS, et al.,  )
        Defendants.  )

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion to Dismiss (Doc. #74). Plaintiff failed to file an opposition.

## I. PROCEDURAL BACKGROUND

Plaintiff filed his initial Complaint on August 23, 2005 (Doc. #6). Defendants filed a Motion to Dismiss on October 24, 2005 (Doc. #10), which Plaintiff opposed on November 14, 2005 (Doc. #49, attached to Doc #12). Defendants replied on November 22, 2005 (Doc. #13). A Report and Recommendation was filed on December 15, 2005 (Doc. #17), which the district court adopted and affirmed on January 17, 2006 (Doc. #21). At this time, Plaintiff was directed to amend his Complaint and submit it to the court for screening pursuant to 28 U.S.C. § 1915A (*Id.*). Plaintiff filed his Amended Complaint on February 16, 2006 (Doc. #24). After screening Plaintiff's Amended Complaint, the district court dismissed Counts I and III (Doc. #54 at 10). The district court also dismissed Plaintiff's access to courts claims in Count II;

but, found that Plaintiff's retaliation claims in Count II survived dismissal (Doc. #54 at 10).

Defendants filed the instant motion to dismiss Plaintiff's retaliation claims remaining in Count II on June 21, 2007 (Doc. #74). On August 29, 2007, after Plaintiff failed to file an opposition to the instant motion, this court gave Plaintiff an additional twenty (20) days in which to file his opposition (Doc. #78). The court cautioned Plaintiff that failure to do so may result in a dismissal of his case (*Id.*). Plaintiff, nevertheless, failed to file his opposition. Then, on September 27, 2007, this court again gave Plaintiff additional time in which to file his opposition to and including Friday, October 19, 2007 (Doc. #79). This time, the court advised Plaintiff that his failure to do so <u>will</u> result in a Report and Recommendation that this matter be dismissed (*Id.*). Plaintiff again failed to file his opposition.

## II. DISMISSAL UNDER LR 7.2(d) AND FED. R. CIV. P. 41(b) FOR FAILURE TO FILE AN OPPOSITION

Under Local Rules of Practice in the District of Nevada, "[t]he failure of an opposing party to file points and authorities in response to any motion *shall* constitute a consent to the granting of the motion." LR 7.2(d) (emphasis added). Furthermore, FED. R. CIV. P. 41(b) allows for the dismissal of an action where the plaintiff fails to comply with rules or orders of the court. The plaintiff has failed to obey the court's Orders of September 27, 2007 and October 19, 2007. Accordingly, the case should be dismissed pursuant to LR 7.2(d) and FED. R. CIV. P. 41(b). However, under Ninth Circuit case law, a *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain from the complaint that Plaintiff would not be entitled to relief. *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996). While the complaint must be construed liberally in Plaintiff's favor, *pro se* litigants are still bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

Failure to follow LR 7.2(d) and FED. R. CIV. P. 41(b) is grounds for dismissal; however, before dismissing an action pursuant to LR 7.2(d), the district court is required to weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986))[1].

The first two factors weigh heavily in favor of dismissal as this case has "dragged on" for over two years. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (concluding the first two factors weighed in favor of dismissal where the case had "dragged on for over a year and a half."). The initial Complaint was filed more than two years ago (Doc. #6) and the Amended Complaint was filed more than a year and a half ago (Doc. #24).

Regarding the third factor, Defendants' have filed several pleadings, which have resulted in favorable outcomes to Defendants, including dismissal of all but the retaliation claims associated with this motion (*See* Docs. #21, 54). Plaintiff was given ample opportunity to respond to the instant motion, including two extensions of time, and yet he failed to oppose the motion (*See* Docs. #78, 79). This court twice informed Plaintiff of the consequences for failing to oppose and on September 27, 2007 this court advised Plaintiff that his third failure to oppose will result in a Report and Recommendation that this matter be dismissed (Doc. #79). It would be prejudicial to Defendants to allow this case to continue to "drag on" and subject Defendants to the additional expense of litigation under these circumstances where Plaintiff has repeatedly failed to respond to Defendants' arguments for dismissal.

The fifth factor, regarding the availability of less drastic sanctions, also weighs heavily in favor of dismissal. The court warned Plaintiff on two occasions that he risked dismissal if he failed to file a response to the instant motion and the court gave Plaintiff two additional opportunities to oppose the motion, which ultimately gave Plaintiff four months to respond. Plaintiff repeatedly ignored the court's orders; therefore, there is no reason to assume Plaintiff will suddenly comply with another order of this court for less drastic sanctions, particularly where Plaintiff was made fully aware, two times, of the drastic consequences of dismissal.

---

[1] *Ghazali* applied the District of Nevada Local Rule 140-6, which is the identical predecessor to LR 7-2(d).

Finally, the fourth factor, public policy favoring disposition on the merits, requires the court consider the meritoriousness of Plaintiff's claims and Defendants' defenses. Accordingly, this Report and Recommendation considers the merits of Defendants' Motion to Dismiss (Doc. #74).

## III. MOTION TO DISMISS STANDARD

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Inter'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Id.* at 338. A complaint may be dismissed as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain from the complaint that Plaintiff would not be entitled to relief. *Ortez*, 88 F.3d at 807. However, although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## IV. DISCUSSION

Count II of Plaintiff's Amended Complaint asserts claims for the alleged violation of Plaintiff's First, Fifth and Fourteenth Amendment rights to be free from retaliatory acts (Doc. #24 at 5). Specifically, Plaintiff alleges Defendants retaliated against him for exercising his

4

First, Fifth and Fourteenth Amendment rights by "directly/indirectly blocking/impeding/interfering with [Plaintiff's] access to the courts/grievance process by refusing/failing to supply any appropriate/substantial response in accordance with AR 740's own definition of a response to filed grievances." (Doc. #24 at 5). Plaintiff alleges the inappropriate/unsubstantial responses to his grievances were because he sought the use of the grievance process itself and Defendants' actions were done to discourage and chill Plaintiff's right to the grievance process in an attempt to frustrate Plaintiff in hopes he would give up (*Id.*). Plaintiff alleges he was retaliated against because of his ability to understand AR 740 (*Id.*). Plaintiff contends that in order to establish a constitutional violation, he must show Defendants retaliated against him for exercising his constitutional right to the grievance process and the retaliation action did not advance a legitimate penological goal, such as preserving order and discipline (*Id.*). Plaintiff further contends that because he filed grievances and because Defendants allegedly refused to adhere to their own regulations and provide Plaintiff with appropriate and substantial responses, Defendants have rendered the grievance process ineffective and futile and such retaliatory conduct constitutes "deliberate, callous, and reckless indifference to [Plaintiff's] filed claims/concerns/issues." (*Id.*).

Defendants move for dismissal of Count II pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. #74). Defendants argue the Eleventh Amendment bars Plaintiff's claims for monetary damages against them in their official capacities (*Id.* at 6-7). Defendants further argue denial of Plaintiff's grievances, or failure to strictly adhere to administrative regulations "perfectly" does not constitute retaliation (*Id.* at 8). Defendants contend the final decision regarding a grievance cannot form the basis of a retaliation claim and Plaintiff has no protected liberty interest in the inmate appeals process (*Id.*). Defendants assert various NDOC personnel simply failed to strictly adhere to AR 740 and made "missteps" in the grievance process; but, those actions, alone, did not chill Plaintiff's First Amendment rights and were merely "the product of an overworked prison staff that occasionally made errors in processing grievances." (*Id.* at 10-11). Defendants

5

then contend that there is no constitutional right to a specific grievance procedure because a prison grievance procedure is a procedural right only and confers no substantive right on Plaintiff (Doc. # 74 at 11). Therefore, Defendants contend the failure to process a grievance, or strictly adhere to the procedures of AR 740, does not state a constitutional violation and cannot give rise to a § 1983 claim (*Id.* at 12). Finally, Defendants argue they are entitled to qualified immunity with respect to Plaintiff's damage claims because, based upon the law, it would not be clear to an NDOC officer or official that failing to follow AR 740 "to the letter" would constitute retaliation (*Id.* at 15). Defendants assert they reviewed and responded to Plaintiff's grievances, they did not agree with Plaintiff's grievances, and none of their alleged actions could be construed as violations of Plaintiff's constitutional rights against retaliation (*Id.*).

The crux of Plaintiff's retaliation claims is that Defendants refused to supply Plaintiff with appropriate and substantial responses to his grievances, in accordance with AR 740, in an attempt to discourage Plaintiff from filing additional grievances (Doc. #24 at 5). The first inquiry must be whether Defendants' alleged refusal to adhere to AR 740 and provide Plaintiff with appropriate and substantial responses constitutes a viable constitutional violation. If it does not, the district court can grant dismissal on that basis alone and need not consider the remainder of Defendants' arguments; therefore, we consider this issue first.

### **Failure to Comply with AR 740 Grievance Procedures**

The Ninth Circuit recognizes of fundamental import to prisoners are their First Amendment rights to file prison grievances, *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), and to pursue civil rights litigation in the court. *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Purely retaliatory actions taken against a prisoner for exercising those rights undermines those protections and such actions violate the Constitution. *Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995) ("[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes. That retaliatory

6

actions by prison officials are cognizable under § 1983 has also been widely accepted in other circuits.").

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567 -568 (9th Cir. 2005) (internal citation omitted).

While the Ninth Circuit recognizes an inmate's constitutional right to file grievances, the Ninth Circuit has also found that "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), *cert denied*, 488 U.S. 898 (1988). Other courts have drawn the same conclusion. *Id.* (citing *Shango v. Jurich*, 681 F.2d 1091, 1100 (7th Cir. 1982); *Azeez v. DeRobertis*, 568 F.Supp. 8, 11 (N.D. Ill. 1982)). Therefore, under these facts, Plaintiff has no constitutional entitlement to AR 740's grievance procedures and Defendants' alleged disregard for those procedures, or their mishandling of Plaintiff's grievances, creates no actionable § 1983 claim. Accordingly, the district court may properly dismiss Plaintiff's retaliation claim (Count II) for failure to state a claim because the denial of a grievance, or the inappropriate and unsubstantial response to a grievance, does not in and of itself rise to the level of a constitutional violation. *See Mann*, 855 F.2d at 640.

As stated earlier, because Count II of Plaintiff's Amended Complaint alleges retaliation based on Defendants' inappropriate and unsubstantial responses to Plaintiff's grievances in violation of AR 740, Plaintiff has failed to state a cognizable constitutional violation and the district court need not consider Defendants' remaining arguments.

///

///

7

## V. CONCLUSION

The failure of state officials to follow their own grievance procedures does not itself give rise to a § 1983 cause of action. Accordingly, for the reasons set forth above, Plaintiff has failed to state a claim upon which relief can be granted and Defendants' Motion to Dismiss (Doc. #74) should be **GRANTED**.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion to Dismiss (Doc. #74).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: December 21, 2007.

_____
UNITED STATES MAGISTRATE JUDGE